OLIVER ALLEN v. REUBEN R. THRALL.

Where a case is removed from the county to the supreme court, on exceptions, this court will revise only those questions which are excepted to in the court below.  E. g. if decisions are made against the plaintiff, by which he fails to recover for his entire claim, and the cause is finally removed into the supreme court by defendant, on exceptions, the plaintiff must also file his exceptions to those decisions which are against him, or they cannot be revised in this court.

Goods sold and delivered, in payment of usurious interest, cannot be charged on book and recovered for.  The recovery should be sought in the mode pointed out by statute.

Goods assigned to be disposed of and converted into money, and the proceeds applied in a particular manner, cannot be recovered for in the action of book account.

Semble, That the appropriate remedy in such case is either assumpsit, or account, at common law.

THIS was an action of book account, brought to the county court, in which judgment to account was rendered, and an auditor appointed, who reported, that the plaintiff and Warren Drinwater had been, for some time previous to the 15th day of Dec. 1827, partners in business, as tanners, under the firm of Allen & Drinwater ; that on the day and year last aforesaid they dissolved said partnership, and the said Drinwater assigned all his interest in the partnership effects, including debts due to the firm, to the plaintiff, the plaintiff covenanting to pay all the partnership debts out of the partnership property, so far as funds could be raised from said property ; to render a faithful account, and if any surplus remained after paying said debts, to divide the same between the said Drinwater and himself ; that afterwards, on the third day of January, 1828, the said Drinwater assigned to the

defendant all his interest and claim to the property of the firm of Allen & Drinwater, and all debts due to said firm, and empowered the defendant to collect the debts, and convert the property into money, for the purpose of paying, first, the defendant all claims due from said Drinwater to him, and, next, a demand in favor of John Swett against said Drinwater;—that afterwards, on the second day of May, 1828, the plaintiff assigned to the defendant all his interest " to " all the property in the late firm of Allen & Drinwater, and " all the debts due the said firm," and empowered the defendant to take the said property and convert it into money, and, first to pay the defendant the full amount of the defendant's claims against him and against the firm of Allen & Drinwater, the defendant to restore the balance or residue of the property to plaintiff; that after said last assignment was made to the defendant, the charge of the business at the tannery was entrusted to Luther Durkee, as the agent of the defendant, and that said Durkee was settled with and paid by the plaintiff for his services; that another agent named Hunt was also appointed, who was also paid for his services by plaintiff; that it did not appear, that the defendant at the times of the several assignments from Drinwater and the plaintiff to the defendant, had notice of the previous assignment from Drinwater to the plaintiff; that after the last mentioned assignment, the said Drinwater continued to work in the tanyard and upon the premises, apparently as he had done before making said assignment;—that the account presented by the plaintiff before the auditor commenced in April, 1828, and ended in Sept. 1834; that the plaintiff presented nine several orders, drawn by the defendant, as vouchers for certain charges in his account, six of which were upon said Durkee, in favor of said Drinwater, and the other three were upon the plaintiff, and two of them in said Drinwater's favor, and the other in favor of Mr. Drury, all for leather, and upon which orders the persons, in whose favor they were drawn, acknowledged under their hands, that they had received the leather specified therein, which leather was a part of the partnership effects assigned to the defendant; that the plaintiff and said Drinwater had, by a suit at law, had an adjustment of their partnership business and that said Drinwater was in arrear to the plaintiff, and the plaintiff

accounted in said suit for the leather charged to the defend-
ant on said orders; that a charge in the plaintiff's account
for a two horse wagon was objected to by the defendant,
on the ground that it was received by him in part payment
for the rent of certain premises, leased by the defendant
to the plaintiff, on the 13th day of February 1832 ; that such
fact was not denied by the plaintiff ; that the premises so
demised were the same that had previously been con-
veyed by an absolute deed from the plaintiff to the defend-
ant, and a defeasance of said conveyance was executed by
defendant to plaintiff ; that the defendant brought a bill in
chancery against the plaintiff, to foreclose the plain-
tiff's equity of redemption in the premises, and that such
proceedings were had, that the conditions of said defeasance
were complied with by the plaintiff, and the plaintiff's title
to said premises became absolute.  The auditor allowed the
plaintiff for the leather delivered on said orders, and also for
the said wagon.

It further appeared from the said auditor's report, that the
defendant presented an account in offset to the plaintiff's ac-
count, and claimed, among other things, an allowance for
a payment made to one Fuller of $114,96, on a certain draft
drawn by said Allen & Drinwater in favor of said Fuller, da-
ted August 5,1828, which the auditor rejected,considering it a
proper claim for adjustment between the defendant and Allen
& Drinwater ; that an item of $20.— cash, credited to the
plaintiff in the defendant's account, was entered by the de-
fendant, supposing the same to have been paid by the plain-
tiff from his own private funds, when the fact was, that the
money was received by the plaintiff for leather which former-
ly belonged to Allen & Drinwater ; that the defendant in-
sisted that said sum should be passed to the credit of Allen
& Drinwater and should not be allowed as a credit to the
plaintiff, but the auditor allowed this sum to the plaintiff, for
the reason that the plaintiff accounted for it to Drinwater in
the suit wherein their partnership matters were adjusted.
It further appeared from said report, that there was a balance
in the hands of the defendant, due to Allen & Drinwater,
but it did not appear whether the defendant had or had not
paid certain debts specified in the aforesaid assignments from
the plaintiff and said Drinwater to the defendant, nor did it

appear whether there would or would not be a balance in the defendant's hands due to said Allen & Drinwater, after the payment by the defendant of such specified debts.

The auditor found a balance in favor of the plaintiff.

The defendant filed the following objections to the acceptance of the report.

1. Because the auditor allowed the plaintiff his charges for leather, which had been previously assigned to the defendant, by plaintiff & Drinwater, for the payment of specific debts.

2. Because the auditor allowed a charge for a wagon which was received by the defendant in payment for rent.

The county court overruled the first objection and rendered a judgment in favor of the plaintiff to recover the balance of the sum found due by the auditor, deducting the sum allowed for the wagon, and the defendant excepted.

Defendant *pro. se.*

*Merrill & Ormsbee,* for plaintiff.

The items for leather, delivered on the defendant's orders, were properly allowed by the auditor. They were charged by the plaintiff, at the time, to the defendant. It was manifestly the expectation of both plaintiff and defendant, that defendant should account to plaintiff for these charges. They were delivered to different individuals, on the orders of the defendant. In the settlement between Allen & Drinwater, Allen accounted for the sums contained in such charges, as so much company property, taken by himself. If he has accounted for it, he ought to be entitled to charge it to defendant.

If defendant is not to account to the plaintiff for it, to whom is he to account?

The individuals who received this property, on defendant's orders, were the ones to whom the defendant should, and undoubtedly did, look for pay.

The charge for the wagon, is an equitable charge, and is to be allowed, provided it can be charged on book, under the circumstances. The case shows that the defendant paid nothing for the wagon, and if the transaction was a cloak for usury, the defendant ought to account for its value.

The opinion of the Court was delivered by

REDFIELD, J.—The county court decided against the plaintiff, in regard to the charge for a wagon, to which deci-

sion the plaintiff took no exceptions, and on that account he cannot here insist that that decision was not well founded. If some points in a case are decided against one party, and others against the other, so that the party recovers but a portion of his claim, he must except to those decisions which are against him, or he cannot revise them in the supreme court, although the other party should remove the case into that court, on exceptions to decisions against him.

But as the parties agreed, that exceptions should be considered as having been taken on this point, the court have considered it. We think the county court decided correctly in rejecting it. There could have been no reason why the plaintiff should be permitted to recover for the wagon, except on the ground, that it was delivered to defendant, in payment of usurious interest. If it were so, there could be no recovery in this form of action. A recovery could only be had in the mode pointed out by the statute.

In relation to that portion of the account claimed by plaintiff, for sales by defendant, of the leather formerly belonging to the firm of Allen & Drinwater, and by them assigned to defendant, as security for certain debts, and liabilities of his, on account of said firm, we think it cannot be recovered in this form of action.

It was delivered to the defendant under a special contract to account for the proceeds in a particular manner, specified in the contract. Upon this contract, a special action of assumpsit will lie, no doubt, for not aplying the proceeds in the manner stipulated. Perhaps too, general *indebitatus* assumpsit will lie, to recover the balance due upon the general account, either for money had and received, or for goods sold and delivered.

But it is very apparent, that the most appropriate form of action is, an action of account at common law, according to the terms of the contract upon which it was received.

The English courts, since the action of account has there become obsolete, from a reluctance, perhaps, to compel parties to resort to a court of equity, have finally extended the action of assumpsit to almost all cases of account however complicated, notwithstanding the case of *Scott* v. *McIntosh*, 2 Camp. 238, where Lord *Ellenborough* says, " The plaintiff should have brought an action of account, where auditors

would have been appointed, who could have done justice to the parties." And in *Tompkins* v. *Willshear*, the court says, "It shows the *decency* of counsel, in not pressing such a case to a conclusion." But at the same time they held that assumpsit will lie if persisted in, but the universal practice now is, in such complicated transactions, where assumpsit is brought, to continue the case indefinitely, until the parties agree to a reference. 5 Taunt. 431. 1 Petersdorfi, 140. 2 Saunders R. 127, note (6.)

But in no case, can assumpsit be sustained for a particular item of the account, unless the defendant has misapplied it; (which is not here pretended) and thus made himself an absolute debtor. 11 Modern, 92; anonymous. *Poulter* v. *Cornwall*, 1 Salkeld, 9. *Hartop* v. *Wardlaw*, 2 Shower, 301. 1 Petersdorff, 139.

There is, then, no pretence to sustain this action. The goods were never sold defendant; he received them by way of assignment as collateral security. The money, which defendant received for them, was not plaintiff's money; but by defendant to be used in extinguishing certain liabilities of his own, and debts due him. So that; in neither view could plaintiff be permitted to charge the account, either as goods, or money. And there does not seem to be much ground to argue that defendant was guilty of a wrong, in selling this leather, for that seems to have been the very object for which he received it. He may have failed to apply the money in the manner stipulated. If so, he may be compelled to ren a proper account.

Judgment of county court reversed, and judgment for plaintiff on the report, deducting the charges for leather received under the contract.